George Andrews, J.,
delivered the following opinion on a petition for a re-hearing:
The first ground alleged in the petition for re-hearing, for a reconsideration of the decision heretofore • made, is, that while it is true that the cestui que trust will, as a general rule, be barred of his equitable estate by the same adverse possession which bars the legal estate in his trustee, yet this rule does not apply in a case where the original trustee is deceased, and the legal estate has descended to his heirs prior to the commencement of the adverse possession. In support of this proposition, the case of Porter vs. Greer, 1 Cold., 569, is cited. It is claimed *602 that the heir, in taking the legal estate, takes it in a different manner, and with different duties and responsibilities, from the original trustee.
I do not so understand the law. Upon the decease of the trustee of real estate, the legal estate devolves upon his heir at law; and the heir takes exactly the same estate, and subject to exactly the same duties and responsibilities, as his ancestor. Some expressions used in the opinion of the Court, in Porter vs. Greer, would indicate that the opinion of the Judge delivering that opinion was in favor of the position assumed by counsel for complainants; but that case was totally different from the present, and if any such opinion was intended to be expressed, it was wholly uncalled ■ for. In that case, it appeared that a testator had, by his will, directed that his daughter, Elizabeth Porter, was to be permitted to reside upon a certain tract of land until her youngest child should become of age, at which time it was to be sold, and the proceeds divided among the heirs of the said Elizabeth; but if the said Elizabeth shonld not choose to continue on the land, the executors 'were directed to rent the same till her youngest child should become of age, at which time it was to be sold and divided. The daughter and her husband made an absolute conveyance of the land, which w&s held adversely, under this conveyance, for many years. Upon a bill filed by the children of Elizabeth Porter, before the youngest had arrived at full age, the Court held that the legal estate descended to the heirs at law of the testator; that the executors took nothing but a power, and that the children of Elizabeth Porter were not barred by the adverse possession. The decision in that *603 ease was clearly right; but there was no relation of trustee and cestui que trust between the heirs of the testator and the children of Elizabeth Porter, and the case bears not the slightest analogy to the one before us.
It is further urged for the complainants, that the right of possession, and the right of action to recover the possession, accrued to the complainants only at the termination of the life estate of Mildred B. Watkins; and that, therelore, the statute of limitations did not commence running against them until that time.
A person entitled to a legal estate in remainder is not barred by an adverse possession, accruing and continuing only during the particular estate; for his right to the possession, and his right of action,, do not accrue until the determination of the particular estate. But in the case where the entire legal estate in fee is vested in a trustee, the legal right of possession and right of action is in the trustee, and not in the cestui que trust, and the action to recover the possession must be in the name of the trustee: Hill, on Trustees, 266, 503. There is no right to sue at law for the recovery of the possession, either in the tenant of the equitable life estate, or the person entitled to the equitable remainder. Both are represented by the trustee of the légal estate, and both are barred by such adverse possession as will bar the legal estate of the trustee. Even the possession of the cestui que trust, who is presumed to be tenant at will to the trustee, may become adverse to the trustee by formal denial or disclaimer of the trustee’s rights, or open, notorious dealing with the estate in a manner inconsistent with those rights: Hill, on Trustees, 267.
*604 It is claimed that, as to that portion of the lot in controversy claimed by the Vances, there is not proved such a continuous adverse possession as is necessary to raise the bar of the statute of limitations.
The bill alleges that Joseph Specht claims and holds about twenty-five feet front of the lot, and that the balance is held and claimed by defendants, William L. and Samuel Vance, and that said parties are in possession, and all claim to hold title under Patterson. It is proved that Patterson took possession of the lot in 1850, and held until he sold and delivered possession thereof to Cockrell, in 1852. Cockrell testifies that he occupied the lot till the sale to his vendees, when he delivered the possession to them. Such a possession, affirmatively proved to have existed in Patterson and Cockrell, and to have been delivered by Cockrell to his' grantees, is presumed to have been continuous, till the contrary is proven. “A seizin, once proved or admitted, is presumed to continue until a disseizin is proved:” 1 Green]. Ev., § 42. “The law presumes that a fact, continuous in its character, still continues to exist until a change be shown, as a partnership — or within certain limits, that a life continues, so that a legal or actual possession continues; that an entry and ouster by a landlord upon his tenants continues till a restoration be shown1 Phil, on Ev., 5th ed., 603. 1
We are unable to see any reason for reversing or modifying our former decision in this case.